East'n. District.
*May*, 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

4ns449
47 775

## HENNEN vs. MONRO.

APPEAL from the court of the first district.

MATHEWS, J., delivered the opinion of the court. This is a suit instituted to compel the defendant to contribute as on general average to a loss which the plaintiff alleges he has sustained in consequence of lightening the vessel of the former, by placing on a beach

Testimony taken in a former cause between the same parties may be used in evidence on the second trial, provided the witnesses be dead or absent.
Goods taken

out of a vessel to lighten her and put on the beach, in case of damage, furnish cause for a claim of general average.

The action cannot be defeated on the ground that there are other owners, unless the plea discloses who they are.

certain boxes containing books belonging to him, which were received on board, to be carried from Pensacola to New-Orleans on ordinary freight; and which were damaged by being thus removed, to the amount of six hundred and twenty-nine dollars, sixty three cents, &c. Judgment was given in favor of the plaintiff in the court below, from which the defendant appealed.

The facts of the case as they appear on the record, according to the evidence admitted in the district court, show, that the plaintiff put on board a sloop called the Herald, some time in October, 1821, then owned and commanded by the defendant, several boxes of books to be carried from Pensacola to New-Orleans; in the vessel he came passenger at the same time; that the sloop soon after leaving port got aground, which made it necessary to lighten her, and this was effected in part, by placing the merchandise of the plaintiff on a beach as above stated, where they received the injury complained of by a sudden surge of the bay.

Some of these facts are in part established by evidence to which the defendant excepted

in the court below; and it is necessary before investigating the cause on its merits to examine the bills of exceptions taken to the admissibility of certain depositions or testimony taken down in writing between the parties to the present suit, in one which was formerly instituted and finally decided, where the plaintiff claimed recompense against the defendant to the amount of his entire loss, on the ground of alleged negligence and misconduct in the latter, as master of said sloop, &c. These exceptions are to the testimony of two witnesses, Merry and Davidson; one shown to be without the jurisdictional limits of the state, and the other to be dead. In support of his objections to the evidence, the counsel for the appellant relies principally, on the doctrine which relates to the propriety of allowing records of previous suits to be introduced, as proof in subsequent actions between the same parties : and in aid of the principles for which he contends, refers the court to 2d of *Johnson's Reports, p.* 24 ; and 1st of *Esp. N. P.* 43. On a perusal of these cases, it is found that they relate to evidence offered in support of pleas in bar, or peremptory exceptions, or at least defences partaking of the nature of such

pleas.    To support an exception *res judicata* not only the parties must be the same, but the cause of action must also be the same ; the identical issues of fact and law, are required to have been decided on in the first action. In the case now under consideration, the testimony, as contained on the record of the former suit, was not offered in support of a plea in bar.    It was tendered as proof of facts known only to witnesses, one of whom is now dead, and the other not within the reach of civil process ; of facts the proof which had been obtained from them by legal examination, in which both parties to this suit had an opportunity to interrogate the witnesses; of facts pertinent to the issue in the former suit, and equally pertinent to the issue in the present.    It is evidence, so far as received, necessary to the support of both actions.

We are of opinion that the judge *a quo* did not err in admitting the depositions of these witnesses to establish facts relative to the issue in the present case.    See *Phillips' Evidence, p.* 266 ; and the cases cited by the counsel for the defendant.

Opposition, on the merits of the case, is made against the plaintiff's right to recover

on a general average, and in support of this opposition, several grounds are assumed by the appellant's counsel:

1st. That from the manner in which the merchandise was removed from the sloop, no cause of action occurred for a general contribution.

2d. The plaintiff shows no property in the goods.

3d. There is no bill of lading or proof that the captain knew that the boxes were on board.

4th. Admitting a cause of action to exist, the plaintiff has mistaken his remedy, in not suing all persons who had goods on board the vessel. Lastly, that there is error in the calculation made by the district court.

It is true, strictly considered, that there was not a *jactura mercium* of the appellees property. A sacrifice of the goods was not intended, when they were placed on the beach. But they were removed from the vessel to relieve her from the bar on which she was aground, and to enable her to prosecute the intended voyage. The damage which they received was evidently a direct consequence of their removal, for the purpose of lightening the

sloop; which produced general benefit to vessel and cargo. We can perceive no substantial difference, between a case of injury to property put into boats for the purpose of lightening a ship, and one like the present, where the damage occurred by placing them on shore, or on a beach. The former is regarded in the light of a jettison, and so should the latter. See *Stevens on Average. p.* 15.

As to the property in the goods, although from the evidence the plaintiff does not appear to have been the absolute proprietor at the time he shipped them; it is clear that he was conditional owner, and that the right of his taking on himself the absolute ownership, depended on his own volition. It is clear that circumstances compelled him to become complete owner before the restitution of this suit. In truth, we have no doubt of his right to maintain the present action, so far as it depends on ownership.

The evidence of Davidson supplies the want of a bill of lading, for he testifies to the receipt of the goods by the captain, and that they were in good order at the time.

The objection to the form of the action, seems to be based on the principle, that a

plaintiff ought to pursue all the individuals
liable to contribute on a general average in
the same suit. In the present case it is not
shown that he has not pursued that course;
for the evidence of the cause points out no
other except the defendant, who might be
compelled to contribute. Many cases might
arise, wherein it would be impossible for a
plaintiff to pursue all liable to contribution in
the same action; one readily perceived, is
when they reside in different states of the
union. There is, therefore, no objection to
the form of this suit, according to the ju-
risprudence of this state. If there be other
persons liable to share the loss, they ought to
have been pointed out by the defence. See
2 *Holt on Shipping*, p. 199.

By a calculation, based on the whole value
of the sloop and freight as proven, less the
probable costs of the voyage and seamen's
wages, say about 200 dollars, we find an
error in the estimate made by the court below
of about forty-five dollars.

It is therefore ordered, adjudged, and de-
creed, that the judgment of the district court
be reversed and annulled; and it is further

East'n. District. ordered, adjudged and decreed, that the
*May,* 1826.
plaintiff and appellee, do recover from the de-

HENNEN
*vs.*
MONRO.

fendant and appellant 455 dollars, and that the appellee pay the costs of this appeal.

*Hennen* for the plaintiff, *Peirce* for the defendant.